*885 OPINION.
Seawell:
The decedent in 1923 received $50,000 from the Pond Creek Coal Company, which it and the decedent both treated as a gift in their income tax returns. The Commissioner refused to recognize such item as a gift, treating the same as a deductible expense in the return of the company and as compensation and income to the decedent in his return. The only question before this Board for determination is whether or not the $50,000 item mentioned was a gift in the sense of the statute.
It is urged on behalf of the petitioner that it was the intention of both parties, the Pond Creek Coal Company and the decedent, that the payment of the $50,000 should be considered and treated purely as a gift; that the evidence shows it to have been such; and that the facts bring it clearly within the principle decided by this Board in a number of cases of similar character.
In behalf of the Commissioner it is contended that the payment of the $50,000 to the decedent, Lunsford, was really in consideration of services rendered, though an attempt was made by the Pond Creek Coal Company and the decedent to clothe the transaction in the garb of a “gift” by so treating it in the tax returns of each. It is true that in numerous cases similar contests have arisen which have been decided by this Board, but there is no necessity for reviewing all such cases, as in each instance the decision of the question rests upon the particular facts and circumstances presented which are rarely, if ever, the same.
The pertinent provisions of the statute in question are found in the Revenue Act of 1921 and are the same as those of the 1918 Revenue Act, which were involved in the case of. Noel v. Parrott, 15 Fed. (2d) 669 (certiorari denied, 273 U. S. 754), and are. as follows:
Sec. 213. That for the purposes of this title (except as otherwise provided in section 233) the term “ gross income ”—
(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items shall be included in the gross income for the taxable year in which received by the .taxpayer; * * * but
(b) Does not include the following items, which shall be exempt from taxation under this title:
*886 (3) The value of property acquired by gift, bequest, devise, or descent (but the income from sucb property shall be included in gross income).
In Noel v. Parrott, supra, Judge Parker, in delivering the opinion of the Court, stated: “ It is an essential characteristic of a gift, however, that it be a transfer without consideration. If there is a consideration for the transaction, it is not a gift. 28 C. J. 621.”
In considering the question in the instant case, it should be borne in mind that the decedent was in the employ of the Fordson Coal Company at an annual salary of $16,500; that it was the Fordson Coal Company, one of the Ford companies, that purchased the properties of the Pond Creek Coal Company; that the evidence shows the decedent to have been a very important, if not the most important, factor in putting over the deal; that he owned stock or an interest of some kind in the Pond Creek Coal Company which he sold at a profit of $4,845.49 after the sale of the Pond Creek Coal Company’s properties, and that the alleged “ memento ” or “ gift ” of $50,000 was “ purely on his connection with the sale of the Pond Creek Coal Company’s assets to the Ford interests ” as testified by It. S. McVeigh, vice president of the Pond Creek Coal Company. In the light of these facts, it would require very strong evidence to convince us that the Commissioner committed error in not considering and treating as a “ gift ” the $50,000 received by Lunsford from the Pond Creek Coal Company.
It is true the payment was made under or by virtue of a resolution passed by the board of directors of the Pond Creek Coal Company and in the letter from its vice president, advising Lunsford of the action of the board of directors, it was stated, “ they would like to remember you with a memento * * * in connection with the transaction referred to,” it being the sale effected in 1922, as set forth in our findings of fact. The letter to Lunsford, from which the foregoing is quoted and on the margin of which appear these words, “ O. K. Edsel B. Ford,” gave no intimation that the “ memento,” was to be $50,000, more than the total amount of salary Lunsford would have drawn on account of his connection with the Ford interests, at his then rate of salary, in three years.
The word “ memento ” in its ordinary and generally accepted meaning does not convey the idea of any such valuable gift as the sum of $50,000, but rather merely a token or souvenir of some sort not of the character here involved. It is clear from the evidence that the Pond Creek Coal Company, through its board of directors, tried to present Lunsford with the $50,000 at a time and in a manner that would enable the company to treat the sum as a gift and have biro do the same, with a view to having their interpretation and treatment, as indicated in their tax returns, accepted by the Commissioner. *887 The Commissioner, however, did not approve nor accept such attempted disposition of the matter, but took the view that notwithstanding the claims made for such sum as a “ gift,” it was in fact a payment made, if not in consideration of any previous promise, nevertheless in consideration of the previous services rendered by Lunsford in effecting the purchase by the Fordson Coal Company of the properties of the Pond Creek Coal Company at, what the evidence shows, was a very satisfactory price to the latter. The Commissioner’s determination, presumed to be correct, is not, in our opinion, overcome by any evidence adduced.
The respondent’s determination as to both years is accordingly approved.

Judgment will be entered for the respondent.